UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Holly Bone,<br><br>    Plaintiff,<br><br>vs.<br><br>Dan Wyde, David Tyler Moss,<br>Fidelissimus, LLC, Google LLC,<br>and YouTube LLC<br><br>    Defendants. | §<br>§<br>§  Case No. _____<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**COMPLAINT**

COMES NOW Holly Bone, Plaintiff herein, and makes this, her complaint against Dan Wyde, David Tyler Moss, Fidelissimus, LLC, Google LLC, and YouTube LLC, stating as follows:

**Jurisdiction and Venue**

(1)  This court has jurisdiction under 28 U.S.C. §1332(a)(2) and under 28 U.S.C. §1338(a) since this action is filed under the Copyright Act, 17 U.S.C. §101 *ff.*  Venue in this court is proper under 28 U.S.C. §1400(a) and $1391(b)(2) & (3).  Since Plaintiff Bone is a foreign national, copyright registration is not a prerequisite to her copyright action. See, e.g., *Football Ass'n Premier League Ltd. v. YouTube, Inc.* 633 F.Supp.2d 159, 163–64 (S.D.N.Y.2009); 2 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 7.01[A], at 7–8–7–9 (2011) (for non-U.S. Berne Convention authors, the formality of copyright registration is no longer a prerequisite to filing an infringement action); see also Berne Convention Implementation Act of 1988, Pub.L. No. 100–568, 102 Stat. 2853 (1988).

## Parties

(2) Plaintiff Holly Bone is a citizen of the United Kingdom and resides in the United Kingdom.

(3) Defendant Dan Wyde is a resident in Dallas County Texas and may be served at his place of business, 10100 N Central Expy, Ste 230 Dallas, TX 75231.

(4) Defendant David Tyler Moss is a resident of North Carolina. He may be served at his residence, 916 Dallas Bessemer City Highway, Gastonia NC 28052

(5) Defendant Fidelissimus, LLC, is a limited liability company organized under the laws of the State of Oregon. It may be served by serving its registered agent for service of process, 106256597 - Oregon Registered Agent LLC, 5305 River Rd N Ste B, Keizer OR 97303.

(6) Defendant Google LLC, is a Delaware limited liability company with its headquarters in California. It may be served by serving its registered agent for service of process: Corporation Service Company Which Will Do Business In California As CSC - Lawyers Incorporating Service (C1592199).

(7) Defendant YouTube LLC, is a Delaware limited liability company with its headquarters in California. It may be served by serving its registered agent for service of process: Corporation Service Company Which Will Do Business In California As CSC - Lawyers Incorporating Service (C1592199).

## FACTS

(8) In 2012, Ms. Bone began posting videos and other materials that she created on a YouTube channel that she had created, FuturisticHub. The material she has posted to FuturisticHub was and is her intellectual property, pursuant to 17 U.S. Code § 102(a) of the US Copyright Act, and

the laws of England, and the income from that channel is also hers. In 2018, she created the YouTube channel CreamWorks Animation. The videos and other material that she posted on that channel are also her intellectual property under the the Copyright Act and the laws of England, and the income from that channel is also hers.

(9) The income from Ms. Bone's channels arises from advertising that is posted on her channels. YouTube keeps track of how many people look at her channels, and that number is the basis of YouTube's calculation of how much of YouTube's advertising income is attributable to her channels. In order to maintain and increase that income stream, Plaintiff Bone must continue to post new videos and other content on the channel. When new content is posted on a channel, a notice of that posting is sent to the followers of that channel, which gives impetus to the followers to go to the channel to see the new content. If the channel owner fails to post new material, visits to the channel will diminish and eventually cease altogether. To prevent posting new material to a channel is a death sentence for the channel.

(10) In 2019, Ms. Bone transferred management of FuturisticHub and CreamWorks Animation to Freedom! Family, Ltd, a YouTube MultiChannel Network. With the assistance given her from Freedom! Family, Ltd., Ms. Bone's business prospered. She had over 3 million followers, and her income was growing. In her first month with Freedom! Family Ltd., April of 2019, Ms. Bone's income from her channels was $21,826; in December of 2020, it has risen to $114,521.

(11) In the related case identified in Plaintiff's Notice of Related Case, *Moss, et al. v. Princip, et al.*, Cause No. DC-20-09893 in the 68th Judicial District Court, Dallas County, Defendants Moss and Fidelissimus LLC and their attorney Defendant Wyde, who on information and belief has a contingency fee interest in the Related Case, and Defendants Google and YouTube

have unlawfully taken Plaintiff's two YouTube channels, FuturisticHub and CreamWorks Animation, and taken over their copyrighted content in violation of Plaintiff Holly Bone's rights. They have done this through a series of *ex parte* or otherwise secret procedures, all of which procedures took away Ms. Bone's rights, income, and access to her intellectual property without due process of law.

(12)   Defendant Wyde is the architect of this unlawful taking. He obtained court orders based on *ex parte* filings. He created a turnover order via an *ex parte* proceeding, requiring that Plaintiff's copyrighted materials be given over to Defendants Moss and Fidelissimus, LLC. Plaintiff Bone was never given any opportunity to object to this order or assert her copyright claims. Defendant Wyde also obtained a temporary injunction barring Plaintiff Bone from receiving any of the funds generated by her YouTube channels. That temporary injunction was issued after a hearing of which Plaintiff Bone was given no notice.

(13)   At about the same time, Defendants Google and YouTube cut off Plaintiff Bone's access to her channels. On information and belief, at all times Google and YouTube were fully aware that the channels FuturisticHub and CreamWorks Animation belonged to Plaintiff Bone and that it was her copyrighted material which was producing the income from those channels. Plaintiff Bone was thereafter unable to access her copyrighted materials that were on those channels and was unable to post any new videos to those channels to keep them alive. Defendants Google and YouTube took $300,000 of Plaintiff Bone's income from her channels and deposited it in the registry of the court in the Related Case. Google and YouTube made no effort at any time to protect Plaintiff Bone's copyrighted materials.

(14)    These actions of the Defendants have doomed Plaintiff's channels to failure and taken away the future growth of the income from those channels.  Plaintiff Bone's damages from the loss of these channels are presently $300,000 and will likely be well in excess of a million dollars if her channels are not promptly restored to her.

### INFRINGEMENT OF COPYRIGHT

(15)    Defendants have infringed Plaintiff Bone's copyrighted material and such infringement was willful.  They are liable for such actual damages as she has suffered from their infringement.  She also requests injunctions be issued returning her copyrighted materials to her and further requests her reasonable attorney's fees and costs.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that this court issue process on the Defendants and after trial on the merits, award such damages as the Plaintiff may prove, as well as attorney's fees and other costs.

Respectfully submitted

/s/   Eugene Zemp DuBose
Eugene Zemp DuBose
State Bar No. 06151975
DuBose Legal, PC
3816 Acapulco Court
Irving Texas 75062
*Mail*: Post Office Box 141476
Irving Texas 75014-1476
(214) 675 9022
Email: Gene@DuBoseLegalGroup.com

ATTORNEY FOR PLAINTIFF